FILED
CLERK, U.S. DISTRICT COURT
11/21/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: TV DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

REYNA MONTANO and
RICARDO VIVAR,
aka "Ricardo Vivar-Perez,"
aka "Ricardo Vivar Perez,"
aka "Ricardo Ortega,"

Defendants.

CR No. 2:23-cr-00574-FLA

I N D I C T M E N T

[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A. INTRODUCTORY ALLEGATION

At times relevant to this Indictment, defendants REYNA MONTANO and RICARDO VIVAR, also known as ("aka") "Ricardo Vivar-Perez," aka "Ricardo Vivar Perez," aka "Ricardo Ortega," did not have a federal firearms license issued by the United States Bureau of Alcohol,

Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

B. OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than in or around February 2023, and continuing until at least on or about November 7, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants MONTANO and VIVAR conspired with others known and unknown to the Grand Jury to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C. MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendant MONTANO would offer to sell and negotiate the sale of firearm to customers in the Los Angeles area.

2. Defendants MONTANO and VIVAR would transport firearms to prearranged locations to sell the firearms to customers.

3. Defendant MONTANO would sell firearms to customers.

D. OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants MONTANO and VIVAR, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

//

//

//

**March 15, 2023: Sale of Firearms**

Overt Act No. 1: On March 12, 2023, defendant MONTANO sent photographs depicting two handguns to a person defendant MONTANO believed was a customer, but who was, in fact, an undercover law enforcement officers working for the ATF ("the UC").

Overt Act No. 2: On March 15, 2023, in text messages to the UC, defendant MONTANO sent photographs of an additional firearm for sale.

Overt Act No. 3: On March 15, 2023, defendant VIVAR drove defendant MONTANO to a pre-arranged location in Los Angeles County (the "UC location") so that defendant MONTANO could sell firearms.

Overt Act No. 4: On March 15, 2023, defendant MONTANO sold the UC four firearms, namely, a High Standard, Flite-King Deluxe Rib, 12 gauge caliber shotgun, bearing serial number 5832025; a Marlin, Glenfield 25, 22-S-L-LR caliber rifle, bearing serial number 71373222; an Amadeo Rossi, M88, .38 Special caliber revolver, bearing serial number W233993; and a Taurus International Mfg., Inc., PT738 TCP, .380 ACP caliber pistol, bearing serial number 05683F.

**June 9, 2023: Sale of Firearms**

Overt Act No. 5: On June 8, 2023, in text messages, defendant MONTANO sent the UC a picture of four guns.

Overt Act No. 6: On June 9, 2023, defendant MONTANO sent the UC a text message saying that she had four guns available for $10,000.

Overt Act No. 7: On June 9, 2023, defendant MONTANO entered the UC location and placed a bag containing guns on the table. Defendant MONTANO then stated that she had forgotten a gun in the car, so she walked outside to a vehicle where defendant VIVAR was waiting.

Overt Act No. 8: On June 8, 2023, defendant VIVAR placed a Harrington & Richardson Arms Co., Automatic Ejecting Third Model, .38

S&W caliber revolver, bearing serial number 35608, inside defendant MONTANO's backpack.

Overt Act No. 9: On June 8, 2023, defendant MONTANO re-entered the UC location, and sold methamphetamine and the following firearms to the UC: a Kimber, Stainless Ultra Carry II, .45 ACP caliber pistol, bearing serial number KU26435; and a Polymer 80, Inc. PF940C, 9mm Luger caliber pistol with no serial number; and a Harrington & Richardson Arms Co., Automatic Ejecting Third Model, .38 S&W caliber revolver, bearing serial number 35608.

Overt Act No. 10: On June 8, 2023, after selling three guns and methamphetamine to the UC, defendant MONTANO left the UC location and handed cash to defendant VIVAR.

**June 15, 2023: Sale of Firearms**

Overt Act No. 11: On June 14, 2023, in text messages, defendant MONTANO sent the UC pictures of four firearms and offered to sell them for $3,500, $2,300, $2,000, and $1,700 on June 15, 2023.

Overt Act No. 12: On June 15, 2023, defendant VIVAR drove defendant MONTANO to the UC location to sell firearms in a black Chrysler sedan.

Overt Act No. 13: On June 15, 2023, defendant MONTANO sold the UC the following three firearms: a Del-Ton Inc., Model DTI-15, 5.56x45mm caliber pistol, bearing serial number B84122; a ROMARM/CUGIR, Model Micro Draco, 7.62x39mm caliber pistol, bearing serial number 21 PMD-25848; and a Smith & Wesson, Model SD9VE, 9mm Luger caliber pistol, bearing serial number FWY9323.

**November 7, 2023: Sale of Firearms**

Overt Act No. 14: On October 30, 2023, defendant MONTANO contacted the UC by text and offered to sell him/her firearms.

Overt Act No. 15: On November 7, 2023, defendant MONTANO traveled to the UC location and sold the UC the following three firearms: a Colt, .45 ACP caliber pistol, bearing serial number 2859848; a Radical Firearms, LLC, RF-15, .458 SOCOM caliber rifle, bearing serial number 19-100011; and a Sturm, Ruger & Co., PC Charger, 9mm Luger caliber pistol, bearing serial number 913-03842.

COUNT TWO

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date but no later than in or around February 2023, and continuing to at least on or about November 7, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants REYNA MONTANO and RICARDO VIVAR, also known as ("aka") "Ricardo Vivar-Perez," aka "Ricardo Vivar Perez," aka "Ricardo Ortega," not being licensed as an importer, manufacturer, or dealer of firearms, each aiding and abetting the other, willfully engaged in the business of dealing in firearms, specifically, the sale of the following firearms, on or about the following dates:

| **Date** | **Firearm(s)** |
|---|---|
| 3/15/2023 | (1) a High Standard, Flite-King Deluxe Rib, 12 gauge caliber shotgun, bearing serial number 5832025<br><br>(2) a Marlin, Glenfield 25, 22-S-L-LR caliber rifle, serial number 71373222<br><br>(3) an Amadeo Rossi, M88, .38 Special caliber revolver, bearing serial number W233993<br><br>(4) a Taurus International Mfg., Inc., PT738 TCP, .380 ACP caliber pistol, bearing serial number 05683F |
| 6/9/2023 | (1) a Kimber, Stainless Ultra Carry II, .45 ACP caliber pistol, bearing serial number KU26435<br><br>(2) a Polymer 80, Inc. PF940C, 9mm Luger caliber pistol with no serial number<br><br>(3) a Harrington & Richardson Arms Co., Automatic Ejecting Third Model, .38 S&W caliber revolver, bearing serial number 35608 |

| Date | Firearm(s) |
|---|---|
| 6/15/2023 | (1) a Del-Ton Inc., Model DTI-15, 5.56x45mm caliber rifle, bearing serial number B84122,<br><br>(2) a ROMARM/CUGIR, Model Micro Draco, 7.62x39mm caliber pistol, bearing serial number 21PMD-25848<br><br>(3) a Smith & Wesson, Model SD9VE, 9mm Luger caliber pistol, bearing serial number FWY9323 |
| 11/7/2023 | (1) a Colt, .45 ACP caliber pistol, bearing serial number 2859848<br><br>(2) a Radical Firearms, LLC RF-15 .458 SOCOM caliber rifle, bearing serial number 19-100011<br><br>(3) a Sturm, Ruger & Co., PC Charger, 9mm Luger caliber pistol, bearing serial number 913-03842 |

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MONTANO]

On or about February 23, 2023, in Los Angeles County, within the Central District of California, defendant REYNA MONTANO knowingly and intentionally distributed at least 50 grams, that is, approximately 441 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MONTANO]

On or about March 15, 2023, in Los Angeles County, within the Central District of California, defendant REYNA MONTANO knowingly and intentionally distributed at least 50 grams, that is, approximately 445 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MONTANO]

On or about June 9, 2023, in Los Angeles County, within the Central District of California, defendant REYNA MONTANO knowingly and intentionally distributed at least 50 grams, that is, approximately 451 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MONTANO]

On or about November 7, 2023, in Los Angeles County, within the Central District of California, defendant REYNA MONTANO knowingly and intentionally distributed at least 50 grams, that is, approximately 2087.7 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT VIVAR]

On or about June 9, 2023, in Los Angeles County, within the Central District of California, defendant RICARDO VIVAR, also known as ("aka") "Ricardo Vivar-Perez," aka "Ricardo Vivar Perez," aka "Ricardo Ortega," knowingly possessed a firearm, namely, a Harrington & Richardson Arms Co., Automatic Ejecting Third Model, .38 S&W caliber revolver, bearing serial number 35608, in and affecting interstate and foreign commerce.

Defendant VIVAR possessed such a firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number BA477166, on or about May 17, 2019; and

(2) Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number BA478066, on or about June 10, 2019.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One, Two, or Seven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Three through Six of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALIX MCKENNA
Assistant United States Attorney
Environmental Crimes & Consumer Protection Section